Williams, Judge,
delivered the opinion of the court:
By the act of June 7, 1900, 31 Stat. 684, 708, the President was authorized to have constructed, among other vessels, three armored cruisers of about 13,000 tons trial displacement carrying the heaviest armor and most powerful ordnance for vessels of their class, and to have the highest practical speed and great radius of action, to cost exclusive of armor and armament not to exceed $4,250,000 each.
On January 24, 1901, the plaintiff entered into a contract with the United States, represented by the Secretary of the Navy, by the terms of which the plaintiff agreed to construct at its own risk and expense and in accordance with the provisions of the act of Congress aforesaid, and in conformity with drawings, plans, and specifications, one of the armored cruisers authorized by the said act, for the consideration of $3,775,000. At the time the contract was entered into the vessel to be constructed was designated “Armored Cruiser No. 8 ”, but was afterwards designated and known as the “ Maryland.”
By the terms of the contract the plaintiff agreed to furnish all labor and material required in the construction of the vessel, except the armor plates and armor bolts which were to be furnished by the Government and delivered at the plaintiff’s shipyard within the time and in the order required to carry on the work properly. The Government was also by the specifications required to furnish the ordnance and ordnance outfit.
The plaintiff further agreed to prepare and furnish all the working drawings and plans that might be necessary during the progress of the work and to submit the same to the Navy Department for approval, which included templates and armor showing dimensions and shape necessary for the proper manufacture of each and every armor plate agreed to be furnished by the defendant.
The contract was made upon the express condition that the drawings, plans, and specifications might be changed by the Government, and that in case such changes were made where the cost thereof in the execution of the work exceeded $500, the cost of the change, and the damage, if any, caused thereby, should be ascertained, estimated, and determined by a *44 board of Naval officers appointed by tbe Secretary of the Navy, whose decision as to the amount of increased or diminished compensation the plaintiff was entitled to receive in consequence of such change or changes should be binding. Pursuant to this contract provision numerous and important changes were made from time to time during the progress of the work upon the vessel. The cost of the changes was in each case where the amount was in excess of $500, referred to a board on charges for a determination of such cost, and the cost as determined by the board was added to or deducted from the contract price, as the change added to or diminished the cost of construction. The many changes in the plans and specifications operated to delay the work and resulted in a delay in the final completion of the vessel.
The contract provided that the vessel should be completed and ready for delivery to the defendant within thirty-six months from the date of the contract, and that in case the completion of the vessel was delayed beyond that period deductions in an amount stated would be made from the contract price for each and every day, excepting Sundays, during the continuance of such delay and until the vessel was completed and ready for delivery, provided such delay was not caused by the act of the Government, or by fire or water, or by any strike or stand out of workmen employed in the construction of the vessel, or by other circumstances beyond the control of the plaintiff. It was further provided that—
“All delays that the Secretary of the Navy shall find to be properly attributable to the party of the second part, or to its authorized officers or agents, or any or either of them, and to have been delays operating upon the completion of the vessel within the time specified therefor in this contract, shall entitle the party of the first part to a corresponding extension of the period prescribed for the completion of the vessel: Provided, however, That no delay, nor the alleged cause or causes thereof, attributed by the party of the first part to the party of the second part, its officers or agents, shall be considered by the Secretary of the Navy unless the party of the first part shall, at the time of the occurrence of such delay, notify him in writing of the facts and circumstances in each case, and of the extent to which the said party of the first part claims that the completion of the vessel is thereby delayed.”
*45 The vessel was delivered to the defendant on April 18, 1905, and was accepted as of that date, 450 days after the •expiration of the contract period for completion and delivery, Upon various applications of the plaintiff the contract time was extended for the full period of the delay and the contract provision for liquidated damages was not imposed.
The original petition was filed on April 8, 1909, in which damages were alleged in the sum of $287,500.58. These damages were based on general delay caused by changes in the plans and specifications, for increased cost of the installation of gun foundations, for delay in the furnishing of type plans for bitts and chocks, for delay in the delivery of contract plans, and for an admitted balance due under the contract. An amended petition was filed on December 14, 1911, in which damages were claimed on the same items as those set forth in the original petition, but for a reduced sum, $210,403.53.
On July 23, 1926, the plaintiff filed a second amended petition in which the several items set forth in the original and first amended petition were repeated, with an additional claim in the sum of $68,939.60 for damages caused by delay in the delivery of armor, ordnance, and ordnance outfit. Between the date of the filing of the first and the second amended petitions, the case of Moran Bros. Co. v. United States, 61 C.Cls. 73, was decided in which it was held that the contractor in that case, where like claims were considered, could not recover damages resulting from general delay in the work caused by changes in the plans and specifications of the vessel, or for additional compensation for the installation of gun foundations. Following the ruling of the court in the Moran case, the commissioner of the court, to whom the case was referred to take the proof and report the facts, excluded all testimony in respect to damages resulting from delays because of changes or as to the increased cost of the installation of gun foundations. Proof was taken in respect to the claim for delay in delivery of contract plans, and for damages for delay in delivery of armor and ordnance outfit. No proof was submitted in support of the claim for damages on account of delay in the delivery of type plans for bitts and chocks. The case *46 is therefore before us for decision on these items of the claim only, the claim for $11,593.23, as a balance due under the contract, being conceded by the defendant.
Upon the findings the plaintiff is entitled to recover only upon the item of the admitted balance due under the contract. Judgment is therefore awarded plaintiff in the sum of $11,593.23, and the petition as to all other items is dismissed. It is so ordered.
Whaley, Judge; Littleton, Judge; Green, Judge; and Booth, Chief Justice, concur.j